IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARVIN RAY BERRY, #09358                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:14cv665-CWR-FKB

ROLANDO ABANGAN, ET AL.                                              DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies [28], filed by Defendants Christopher Epps, Gloria Perry, Michael White, and Joann Shivers.  Also before the Court is the Motion to Dismiss [29] filed by the Defendants Henry Jackson, Rebecca Pope, Monte Bishoff, Rolando Abangan, and Wexford Health Sources.  Plaintiff has filed Responses [36, 37] to both motions.

In this action founded upon 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated his constitutional rights during his confinement at Central Mississippi Correctional Facility ("CMCF").  In his complaint, Berry claims that he was denied adequate medical treatment while he was an inmate at CMCF.

The Court held an Omnibus Hearing,[1] at which time the Court heard arguments regarding the Motion for Summary Judgment and the Motion to Dismiss.  In sum, Plaintiff argues that although he filed a grievance with the Administrative Remedies Program ("ARP"), the two-step process for reviewing formal grievances of MDOC inmates, he was not required to exhaust his administrative remedies when his grievance was rejected from the ARP.[2]  Berry is proceeding in

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] As this Court has stated,

The ARP is a two-step process. Inmates are required to initially submit their

this matter *in forma pauperis* and *pro se*.

At the omnibus hearing, Berry testified that the ARP rejected his grievance because it was "beyond the power of the Mississippi Department of Corrections to grant." [28-1].  In his written responses [36, 37] to both dispositive motions, he argues that the defendants waived the exhaustion requirement when the ARP rejected his grievance.  Berry asserts that the grievance procedures do not provide a way to proceed or appeal beyond the initial request or complaint when the initial complaint or request is rejected as "beyond the power of the Mississippi Department of Corrections to grant." [37] at 4.  Based on the record before the Court, it does not appear that he exhausted his administrative remedies regarding his claims.

Both statutory and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought.  The relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA), states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP Form ARP–2 and sending it to the Legal Claims Adjudicator. A final decision will be made by the Superintendent, Warden or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court.

*Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013)(Civil Action No. 5:12cv61-KS-MTP).  Furthermore, if a request is "rejected for technical reasons or matters of form, the inmate shall have five days from the date of rejection to file his/her corrected grievance." [28-2] at 2.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 121 S.Ct. 1819 (2001), the Supreme

Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust

administrative remedies before bringing an action with respect to prison conditions, regardless of

the relief offered through administrative procedures. *Booth*, 121 S.Ct. at 1825. The United

States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory

and applies to all inmate suits about prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other wrong. *See Porter v.*

*Nussle*, 122 S.Ct. 983 (2002); *see also Jones v. Bock*, 127 S.Ct. 910 (2007)(reaffirming that

exhaustion is mandatory; stating that it is an affirmative defense).

      The United States Court of Appeals for the Fifth Circuit has reiterated the principles

found in these cases. In *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit

recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district

courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have

exhausted administrative remedies. The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly
> exhaust the prison grievance process before filing their complaint. It is irrelevant
> whether exhaustion is achieved during the federal proceeding. Pre-filing
> exhaustion is mandatory, and the case must be dismissed if available
> administrative remedies were not exhausted.

*Id.* at 788.

      Plaintiff admits that he has not exhausted his administrative remedies prior to bringing

this suit, as is required by the PLRA. Instead, he argues that defendants have waived the

exhaustion requirement because there is no provision for appeal from a rejected grievance.

Plaintiff, however, is mistaken, because Section VI, "Acceptance or Rejection," discusses the

avenue for relief for a rejected request.  Section VI states that "[i]f a request is rejected for technical reasons or matters of form, the inmate shall have five days from the date of rejection to file his/her corrected grievance." [28-2] at 2.  Plaintiff fails to offer any reasons to explain his failure to submit a corrected grievance.  Further, he does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies in the form of a corrected grievance. *See Ferrington v. Louisiana Department of Corrections*, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); *see also Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness).  Moreover, his request for monetary damages does not excuse exhaustion. *Porter v. Nussle*, 122 S.Ct. 983, 988 (2002)("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.").  Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues."  *Booth v. Churner*, 532 U.S. 731, 739 (2001).

Accordingly, for these reasons, the Court finds that Defendants' Motion for Summary Judgment [28] and Motion to Dismiss [29] should be granted, and this case should be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 1st day of December, 2015.

 /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE