IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARVIN RAY BERRY                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:14cv665-CWR-FKB

WEXFORD HEALTH SOURCES, INC., ET AL.                               DEFENDANTS

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction [69], to which Defendants have filed Responses. [73], [76]. For the reasons explained below, the undersigned recommends that the Motion for Preliminary Injunction be denied.

I. Plaintiff's Claims

In this case brought pursuant to § 1983 and alleging denial of medical attention, Plaintiff asserts that he has continued to suffer denial of adequate medical care after the action was filed and has been pending for some period of time. In his motion, Plaintiff alleges that Defendants have continued to deny him adequate medical care and that he has suffered retaliation for bringing this action. Plaintiff asks the Court for certain relief, quoted as follows:

a. To implement a policy whereby an inmate who displays symptoms of a myocardial [infarction] receives immediate and acute care by being transported to a hospital ER without delay;
b. Order that the Defendants carry out and follow all cardiologists['] orders for treatment and prescriptions, including follow-up appointments and providing a cardio-diet;
c. Order that the Defendants and/or other MDOC staff/employees cease and [desist] taking retaliatory actions and [harassment] against the Plaintiff.

[70] at 3. Both the State Defendants and the Defendants employed or formerly employed by Wexford Health Sources, Inc., have responded in opposition to the Motion.

II. Preliminary Injunction Standard

Before a preliminary injunction may issue, a plaintiff must show:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest.

*Alford v. Moulder*, 2016 WL 3449911 (quoting *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012) (citation omitted)). The Court must also consider that a "preliminary injunction is an extraordinary remedy. It should only be granted if the movant has clearly carried the burden of persuasion on all four . . . prerequisites." *Id.* (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

The Court is mindful that injunctions regulate future conduct. Accordingly, "the plaintiff must allege and ultimately prove 'a real and immediate – as opposed to merely conjectural or hypothetical – threat of future injury.'" *Alford*, 2016 WL 3449911 at *2 (quoting *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994)). The Court must also consider that "'[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant.'" Moreover, the "moving party must make a clear showing of *immediate* irreparable harm." *Campbell Soup co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992).

III. Discussion

After reviewing the filings, the undersigned finds that Berry's motion fails because he has failed to show a substantial likelihood of success on the merits. Initially, his desire for a policy regarding inmates who display symptoms of myocardial infarction fails at the first prong of the preliminary injunction standard because he has failed to advise the Court of or demonstrate in what manner the current policies are deficient. As to his second request for relief, while the Court is sensitive to Plaintiff's medical condition, the Court is also mindful that Defendants, pursuant to the MDOC's policies and the Eighth Amendment, are under a continuing obligation

to provide adequate medical care for Plaintiff's serious medical needs.  Furthermore, it is unclear whether Plaintiff has first attempted to exhaust his administrative remedies as to these additional claims of inadequate medical care.  Finally, his third request for relief fails for the same reason in that these claims of retaliation and harassment are separate and distinct from those he initially brought in this action, and it is unclear to the Court whether he has first attempted to pursue administrative remedies with regard to the claims of retaliation and harassment.

IV. Conclusion

Accordingly, for these reasons, the undersigned recommends that this Motion for Preliminary Injunction be denied without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 1st day of May, 2017.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE