**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MARVIN RAY BERRY**                                                                     **PLAINTIFF**

**V.**                                                                  **CAUSE NO. 3:14-CV-665-CWR-FKB**

**WEXFORD HEALTH SOURCES, ET AL.**                                    **DEFENDANTS**

**ORDER**

      Before the Court is plaintiff Marvin Ray Berry's motion for preliminary injunction. The Magistrate Judge issued a Report and Recommendation (R&R) proposing to deny the motion. Berry has objected and the matter is ripe for review.

      After considering the record of proceedings and arguments *de novo*, the Court agrees that a preliminary injunction should not issue. Injunctions typically are not granted where, as here, the defendant already has an existing duty to perform certain acts—*e.g.*, provide basic medical care to incarcerated persons. *See Dingler v. City of Southaven, MS*, No. 2:08-CV-20-B-A, 2008 WL 2414978, at *2 (N.D. Miss. June 11, 2008) ("Citizens are already required to obey the law; as such, the extraordinary remedy of a preliminary injunction would be superfluous."). Also relevant is that Berry has an adequate remedy at law, in the form of monetary damages, for the allegedly-indifferent medical treatment forming the core of his lawsuit, if not the issues at its periphery.

      Although a preliminary injunction will not issue, Berry's allegations of retaliation (in several forms) are concerning. Perhaps most critical is the claim that he is not receiving minimum follow-up care as a result of this lawsuit.

      Counsel are well-aware that "prison officials may not retaliate against an inmate because that inmate exercised his right of access to the courts." *McDonald v. Steward*, 132 F.3d 225, 231

(5th Cir. 1998) (citations omitted). To the extent Berry has already, or need not further, exhaust his specific complaints through the administrative system, the issues should be resolved with counsel by correspondence, at an omnibus hearing with the Magistrate Judge, or at the Pretrial Conference before the undersigned.

For these reasons the objection is overruled and the R&R is adopted with the above supplementation.

**SO ORDERED**, this the 23rd day of May, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE