# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

MARVIN RAY BERRY                                                                        PLAINTIFF

V.                                                      CAUSE NO. 3:14-CV-665-CWR-FKB

WEXFORD HEALTH SOURCES, ET AL.                                    DEFENDANTS

## ORDER

The Court has reviewed the pending motions, the Magistrate Judge's Report and Recommendation (R&R), and the plaintiff's objection to that R&R. For the reasons that follow, the R&R will be adopted in part and denied in part.

Marvin Ray Berry, a former inmate of the Mississippi Department of Corrections, filed this suit in 2014. He primarily alleged that employees of Wexford Health Sources, the prison's private healthcare provider, displayed deliberate indifference toward his serious medical needs when they "treated" his heart attacks as if they were reflux and anxiety. Berry also alleged that MDOC officials themselves displayed deliberate indifference to his heart attacks.

The law in this area is well-established:

> Under the Eighth Amendment, conditions of confinement in state prisons must be humane and must not involve the wanton and unnecessary infliction of pain. Eighth Amendment claims have objective and subjective components. The deprivation alleged must be objectively, sufficiently serious, and the prison official sued must have a sufficiently culpable state of mind—that is, the official must have been deliberately indifferent to the prisoner's health and safety.

*Rogers v. Boatright*, 709 F.3d 403, 407–08 (5th Cir. 2013) (quotation marks and citations omitted).

> Deliberate indifference is an extremely high standard to meet. A prison official displays deliberate indifference only if he (1) knows that inmates face a substantial risk of serious bodily harm and (2) disregards that risk by failing to take reasonable measures to abate it. Medical treatment that is merely unsuccessful or negligent does not constitute deliberate indifference, nor does a

> prisoner's disagreement with his medical treatment, absent exceptional circumstances. Rather, an inmate must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.

*Arenas v. Calhoun*, 922 F.3d 616, 620–21 (5th Cir. 2019) (quotation marks and citations omitted). If, for example, a prison nurse knows that an inmate has a heart condition and is experiencing chest pain, yet sends him "back to his cell without providing him any treatment," a jury must determine whether she should be held liable for deliberate indifference. *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (denying summary judgment and qualified immunity to prison nurse).

The Fifth Circuit defines "'a serious medical need' as 'one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required.' . . . A delay in medical treatment that results in substantial harm can constitute deliberate indifference." *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018) (citation omitted).

After reviewing the record, the Court agrees with the Magistrate Judge that Berry's claims against MDOC officials, in their official and individual capacities, cannot proceed. The evidence discussed in footnote five of the R&R shows that the officials promptly responded to the complaints Berry's children made on his behalf. The officials' motion for summary judgment is therefore granted.

The record is not so definitive as to the remaining defendants. The evidence indicates that Wexford employees responded to Berry's medical needs—persistent heart attack symptoms so apparent even laymen would recognize that care is required—by telling Berry to "stop stressing out" because it was all in his head, that his pain was "acid reflux" for which Berry should "prop up" his head, that he should "lie down and shut up," and that Berry was faking it, exaggerating,

and "a nut case." Berry has sworn that Nurse Pope explained her actions by saying, "if it were up to me you'd get malox [sic]. I don't care if you die. I hope you die."

This Court does not know whether these things occurred. The summary judgment standard, however, requires the record evidence to be viewed in the light favorable to Berry, *see Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011), and the evidence suggests a fact dispute as to these defendants' deliberate indifference. A jury must hear the testimony to decide whether these events happened, and if they did, whether they satisfy the "extremely high standard" required of deliberate indifference cases. *E.g.*, *Lawson v. Dallas Cty.*, 286 F.3d 257, 263 (5th Cir. 2002) (affirming a $250,000 judgment against prison medical officials after finding sufficient evidence "that the medical personnel treating Lawson had actual knowledge of the risk to Lawson's health, but consciously disregarded that risk.").

What remains are Berry's motions about MDOC confiscating his legal paperwork in retaliation for this lawsuit. MDOC's public website suggests that Berry has now been released from custody, which if true renders these motions moot.

For these reasons, the R&R is adopted in part and denied in part, the MDOC officials' motion for summary judgment is granted, and the remaining motions are denied. A pretrial conference will be set in the near future. At that conference the Court will set a trial date and establish deadlines for the filing of motions *in limine*.

**SO ORDERED**, this the 3rd day of July, 2019.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE